UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 18- 01008 |
| $100,720.00 IN UNITED STATES CURRENCY, More or less; | ) |
| Defendant. | ) |

## COMPLAINT FOR FORFEITURE IN REM

Plaintiff, United States of America, by and through its attorneys, Thomas E. Beall, United States Attorney for the District of Kansas, and Colin Wood, Special Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: $100,720.00 in U.S. Currency, more or less (hereinafter "defendant property"), for violations of 21 U.S.C. § 841.

### THE DEFENDANT IN REM

2. The defendant property consists of: $100,720.00 in United States currency, more or less, that was seized on December 22, 2017 by the Kansas Highway Patrol during a routine traffic stop of a rented 2017 Nissan Altima, driven by Tuck Boyson, on I-70 at milepost 338, in

Wabaunsee County, in the District of Kansas. The currency is currently in the custody of the United States Marshal Service.

## JURISDICTION AND VENUE

3. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355.

4. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. 1355(b). Upon filing this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1) because an act or omission giving rise to the forfeiture occurred in this district, and/or pursuant to 28 U.S.C. § 1395 because the defendant property is located in this district.

## BASIS FOR FORFEITURE

6. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; and/or 2) proceeds traceable to such an exchange; and/or 3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

7. Supplemental Rule G(2)(f) requires this complaint to state *sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.* Such facts and circumstances supporting the seizure and forfeiture of the defendant property are contained in Exhibit A which is attached hereto and incorporated by reference.

## CLAIM FOR RELIEF

WHEREFORE, the plaintiff requests that the Court issue a warrant for the arrest of the defendant property; that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the property; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and for such other and further relief as this Court deems proper and just.

The United States hereby requests that trial of the above-entitled matter be held in the City of Wichita, Kansas.

Respectfully submitted,

THOMAS E. BEALL
United States Attorney

COLIN D. WOOD
Special Assistant United States Attorney
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
(316) 269-6481
KS S.Ct. No. 19800

## DECLARATION

I, Shawn Herrman, Task Force Officer with the Drug Enforcement Administration.

I have read the contents of the foregoing Complaint for Forfeiture, and the exhibit thereto, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this ___2___ day of January, 2018.

TFO Shawn Herrman
DEA

# AFFIDAVIT

I, Shawn Herrman, being first duly sworn, depose and states:

1. Your Affiant has been employed with the Kansas Highway Patrol (KHP) since January 2012, and has been cross-designated as a DEA Task Force Officer since June 2017. My duties include investigation of violations of the Controlled Substance Act, Title 21 of the United States Code and forfeitures thereto.

2. The information contained in this report is known to the Affiant through personal direct knowledge, and/or through a review of official reports prepared by other law enforcement personnel. This affidavit is submitted in support of federal forfeiture.

3. On December 22, 2017, Kansas Highway Patrol Trooper Chandler Rule conducted a traffic stop for failure to maintain a single lane on a rented 2017 Nissan Altima on westbound I-70 near milepost 338 in Wabaunsee County, in the District of Kansas. The driver and sole occupant of the vehicle was Tuck BOYSON.  BOYSON said he was returning home to Cheyenne, Wyoming, from Dayton, Ohio.

4. During the event, a certified drug detection canine alerted to the odor of controlled substances coming from the vehicle. A search of the vehicle led to the discovery of $100,720.00 in U.S. currency.  The currency was located inside two odor-locking duffel bags in the trunk of the vehicle. In the trunk, there were a total of five odor-locking duffel bags, four of which contained marijuana gleanings.  A certified drug detection canine alerted to the odor of controlled substances emitting from the currency.

5. While later being processed at a bank, officers also detected the odor of marijuana coming from the currency.

6. Based on the information set out above, the Affiant has probable cause to believe that the $100,720.00 in U.S. currency seized by the Kansas Highway Patrol constitutes money, or other things of value furnished, or intended to be furnished, in exchange for a controlled substance or proceeds traceable to such an exchange, or was used, or intended to be used, to facilitate one or more violations of Title 21, U.S.C. § 841 et.seq. Accordingly, the property is subject to forfeiture pursuant to Title 21, U.S.C. §§ 853 and 881.

Shawn Herrman, TFO
DEA

Subscribed and sworn to before me this 2 day of January, 2018.

Notary Public

MICHELLE STEPHENS
Notary Public - State of Kansas
My Appt. Expires 5/23/2018